{¶ 29} Respectfully, I dissent and would hold that the trial court erred by granting Dr. Messina's motion for summary judgment. *Page 12 
 {¶ 30} The agreement Drs. Wolnik and Messina entered into included nonsolicitation and liquidated damages provisions. In opposition to Dr. Messina's motion for summary judgment, Dr. Wolnik submitted the affidavit of Richard Vaccariello, a patient from the Berea office. In his affidavit, Vaccariello averred that after Dr. Wolnik purchased the Berea practice from Dr. Messina, Dr. Messina's office attempted to solicit his business. I think that affidavit alone creates a genuine issue of material fact to be litigated.
 {¶ 31} Moreover, other evidence also creates a genuine issue of material fact. Dr. Wolnik testified at deposition that Dr. Messina's office instructed the patients from the Berea office to schedule their appointments at the Fairview Park office. Dr. Messina testified at deposition, however, that he instructed his office staff not to solicit patients from the Berea office, and that he himself had never solicited a patient from that office. Summary judgment is inappropriate where evidentiary materials conflict. Primes v. Milbry (Nov. 19, 1997), 9th Dist. No. 18236.
 {¶ 32} In deciding motions for summary judgment, it should be kept in mind that it is necessary only that the defending party bring forthsome evidence of his claim. It is not necessary (or perhaps even advisable) that a party produce his entire case in opposition to the motion. Knouse v. Scheithauer (Feb. 19, 1991), 10th Dist. No. 90AP-1218("[P]laintiff need not prove her case in summary judgment, but only demonstrate that genuine issues of material fact exist * * *.");Severance v. Pointer *Page 13 
(Sept. 29, 1988), 10th Dist. No. 87AP-1118. Summary judgment motion practice is not discovery. While evidence of only one person solicited may or may not be sufficient to avoid a directed verdict or sustain a verdict, it is evidence sufficient to overcome a motion for summary judgment where the movant denies any solicitation whatsoever.
 {¶ 33} Accordingly, I would hold that the trial court erred in granting Dr. Messina's motion for summary judgment and reverse and remand. *Page 1